**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| NOEL BUCKLEY O/B/O K.J.B., ) | No. EDCV 08-1523 CW |
| ) Plaintiff, ) | AMENDED |
| ) | DECISION AND ORDER[1] |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I.   BACKGROUND**

This action was brought on behalf of Plaintiff K.J.B., who was

---

[1] The Decision and Order is amended to clarify a sentence on page 6, line 24.

born on February 28, 2000. [AR 13.]  Plaintiff alleges disability on the basis of asthma, obstructive sleep apnea syndrome, hearing problems, allergies and concentration problems. [AR 104.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on October 29, 2008, and filed on November 7, 2008.  On April 7, 2009, Defendant filed an answer and Plaintiff's Administrative Record ("AR").  On August 10, 2009, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  On August 18, 2009, the Joint Stipulation was withdrawn, and a second Joint Stipulation was filed that was identical to the initial Joint Stipulation except with redactions of Plaintiff's name.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income ("SSI") under Title XVI of the Social Security Act on October 7, 2005, alleging disability since February 18, 2003. [AR 10, 82.]  After the application was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on November 15, 2007, before Administrative Law Judge ("ALJ") Lowell Fortune.  [AR 31.]  The hearing was continued to obtain additional medical records.  [AR 49.]  A supplemental hearing was held on January 11, 2008, before ALJ Fortune. [AR 51.]  Plaintiff appeared with counsel, and testimony was taking from Plaintiff's mother and medical expert Colin Hubbard.  [AR 52.]  The ALJ denied benefits in a decision dated May 23, 2008.  [AR 10-20.]  When the Appeals Council denied review on August 29, 2008, the ALJ's decision became the Commissioner's final decision. [AR

2.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner.  Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

**A.   THE THREE-STEP EVALUATION FOR CHILDREN'S DISABILITY**

A claimant under the age of eighteen years shall be considered

disabled if he or she has a medically determinable impairment which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. <u>Merril ex rel. Merril v. Apfel</u>, 224 F.3d 1083, 1085 (9th Cir. 2000)(citing 42 U.S.C. § 1382c(a)(3)(C)(i)).

Children's disability claims are evaluated using a three-step test:

> Step one: If the child is engaging in substantial gainful activity, the child will be found "not disabled" regardless of his medical condition, age, education or work experience.
>
> Step two: If the child is not engaging in substantial gainful activity, the next inquiry is to determine whether the child has a "severe" impairment. If the impairment is a slight abnormality or combination of slight abnormalities which "causes no more than minimal functional limitations", the child will be determined not to have a "severe" impairment and, therefore, "not disabled". If the child has a "severe" impairment, the inquiry proceeds to step three.
>
> Step three: The child's impairment must meet, medically equal or functionally equal the severity of an impairment in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. If the child's impairment meets, medically equals, or functionally equals the severity of a listed impairment, and the impairment meets the twelve month durational requirement, then the child is found to be "disabled". Otherwise, the child will be found "not disabled".

20 C.F.R. § 416.924.

Even if an impairment does not meet the requirements of, or is not medically equal to, a listed impairment, the claimant may be disabled if his or her impairment or combination of impairments is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a; <u>see also</u> <u>Howard ex rel. Wolff v. Barnhart</u>, 341 F.3d 1006, 1011 (9th Cir. 2003); <u>Augustine ex rel. Ramirez v. Astrue</u>, 536 F. Supp. 2d 1147, 1151 (C.D. Cal. 2008); <u>Smith ex rel. Enge v. Massanari</u>, 139 F. Supp. 2d 1128, 1135 (C.D. Cal. 2001). Functional equivalence is measured by

assessing the claimant's ability to function in terms of the following six domains, which are "broad areas of functioning intended to capture all of what a child can or cannot do": (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).  An impairment or combination of impairments functionally equals a Listing if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff had no history of substantial gainful activity (step one); and that Plaintiff had "severe" impairments, namely obstructive sleep apnea, conductive hearing loss, rhinitis and asthma (step two). [AR 13.]  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets, medically equals, or functionally equals a listed impairment (step three). [Id.]  As to the six specific domains of functioning for childhood disability claims, the ALJ found that Plaintiff's limitations included the following: (1) significant but less than marked limitation in acquiring and using information; (2) significant but less than marked limitation in attending and completing tasks; (3) no significant limitation in interacting and relating with others; (4) no significant limitation in moving about and manipulating objects; (5) no significant limitation in the ability to care for himself; and (6) significant but less than marked limitation in health and physical well-being. [AR 15-20.] Accordingly, Plaintiff was found not "disabled" as defined by the

Social Security Act. [AR 20.]

**C. ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies the following disputed issues:

1. Whether the ALJ properly considered the testimony of Plaintiff's mother;
2. Whether the ALJ properly considered the opinion of Plaintiff's teacher; and
3. Whether the ALJ properly developed the record.

[JS 2.]

As discussed below, Issue One is dispositive.

**D. TESTIMONY OF PLAINTIFF'S MOTHER**

At the administrative hearing, Plaintiff's mother testified that Plaintiff was unable to sleep at night and that he stops breathing. [AR 38.] Plaintiff's mother testified that the condition began when Plaintiff was three years old and that several remedies had been explored, including three sleep studies. [Id.] Plaintiff's mother also completed questionnaires stating, among other things, that with respect to the six domains of functioning referenced above, Plaintiff has shortness of breath, is often sleepy, has hearing problems, speaks too loudly, has trouble understanding, is inattentive, has trouble with concentration, is hyperactive in class, cannot care for himself without help, and fails to listen. [AR 128, 141-47.]

The administrative decision did not significantly reference the testimony of Plaintiff's mother and concluded that, "statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not credible to the extent they are inconsistent with the finding that the claimant has not had an

6

impairment or combination of impairments that functionally equals the listings." [AR 14.] Plaintiff asserts that the ALJ's decision did not properly account for the testimony of Plaintiff's mother. [JS 3-4.]

The testimony of lay witnesses, including family members, about their own observations regarding the claimant's impairments constitutes competent evidence that must be taken into account and evaluated by the Commissioner in the disability evaluation. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006). Such testimony cannot be discounted unless the ALJ gives reasons that are germane to that witness.[2] Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); Stout v. Commissioner, 454 F.3d at 1053 (citing Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Where the claimant is a child who is unable to adequately describe his symptoms, the Commissioner accepts the testimony of a person most familiar with the child's condition, such as a parent. 20 C.F.R. § 416.928(a); Smith ex rel. Enge v. Massanari, 139 F. Supp. 2d at 1134. In such circumstances, the testimony of parents is a particularly valuable source of information in the evaluation because they usually see the child every day. 20 C.F.R. § 416.924a(a)(2)(i).

In this case, the ALJ's implicit rejection of the testimony of

---

[2] Although Plaintiff asserts that the correct legal standard for evaluation of the testimony of Plaintiff's mother is the "clear and convincing" credibility standard of Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991)(en banc), the Ninth Circuit has clearly held that testimony by third parties, including parents of child claimants, is evaluated under the standard applicable to lay witnesses. See Merrill ex rel. Merrill v. Apfel, 224 F.3d at 1086 (citing Dodrill v. Shalala, 12 F.3d at 919); Smith ex rel. Enge v. Massanari, 139 F. Supp. 2d at 1134.

Plaintiff's mother without reasons germane to this witness did not satisfy this standard.  Proper consideration of this evidence was particularly important because Plaintiff is young, unable to articulate his own symptoms, and entirely reliant on his mother to present his claim.  See Kha Xiong ex rel. Pha Yang v. Astrue, 2008 WL 4196823 at *11 (E.D. Cal. 2008)(reversing ALJ's decision where evaluation of child claimant's abilities in functional domains did not account for relevant testimony of claimant's mother).  Under these circumstances, remand for further proceedings is appropriate.  Merrill ex rel. Merrill v. Apfel, 224 F.3d at 1086 (remanding for evaluation of child claimant's claim under Listing of Impairments where, among other things, ALJ failed to provide specific explanation for rejecting testimony of claimant's mother); Smith ex rel. Enge v. Massanari, 139 F. Supp. 2d at 1135 (same).

### E. REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility).  However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id.  Here, as set out above, outstanding issues remain before a finding of

disability can be made.[3] Accordingly, remand is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: November 3, 2009

                                        _____/S/_____
                                            CARLA M. WOEHRLE
                                     United States Magistrate Judge

---

[3] None of the remaining issues presented in the parties' Joint Stipulation, assuming they were meritorious, would clearly direct a finding of disability on the basis of the existing record.

9